## WARNER COMBS

### *v.*

### THE STATE OF ILLINOIS.

*Opinion filed December 12, 1890.*

WATERS—*damage caused by construction of State dam.* The Commission reviews the evidence 'and finds claimant is entitled to an award for damages caused to his land by the construction by the State of Copperas Creek dam on the Illinois river.

The claimant filed his petition in this case on October 20, 1877, with the Auditor of Public Accounts as required by the statute; the petition recites that claimant is the owner in fee of the following described lands: The northeast quarter of section twelve containing 160 acres. The southeast quarter of the southwest quarter of section twenty (20) containing 40 acres; also the north seven-eighths of the east half of the northwest quarter of section 26, containing 70 acres; also the northeast of the southeast sectional quarter of section 26, containing 80 acres, all in township twelve (12) north range nine east of the 4th P. M., Marshall county, Illinois.

The petition charges that the State of Illinois in October, 1877, constructed a dam in the Illinois river near Copperas Creek which caused the permanent level of the water in the Illinois river to be raised between three and four feet; that the lands of claimant bordering along the Illinois river were subject to overflow in periods of very

high water in the river but that in most years claimant could successfully cultivate most of his land, raising crops of grain and obtaining satisfactory results from farming his land; that since the construction of the dam aforesaid and consequent permanent raising of the level of the water his lands have become wet, springy, unproductive and subject to more frequent overflows, thereby greatly damaging claimant's land.

The proof in this case sustains nearly every allegation in the petition as to the fact that by the construction of the dam in the Illinois river by the State claimant has been severely damaged. We are satisfied from the proof that the land of claimant was fairly good land for lands so situated along the Illinois river. The evidence seems very positive and conclusive that the value of the land has been materially injured by the construction of this dam and that the State should make good to him the actual damages sustained.

We think claimant has filed his claim in time so that it is not barred by any statute of limitation and is entitled to an amount against the State. The amount of the actual damages sustained by claimant after a careful consideration is the sum of eight hundred dollars, and he is entitled to an award for that amount.